JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Negin Saberi, SBN: 243019
    E-mail: nsaberi@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiffs
LUXOTTICA RETAIL NORTH AMERICA, INC.
and LUXOTTICA GROUP, S.P.A.

BY

2012 JUL 31  AM 10: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

FILED

COPY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXOTTICA RETAIL NORTH AMERICA, INC., an Ohio Corporation, and LUXOTTICA GROUP, S.P.A., an Italian Joint Stock Company,<br><br>        Plaintiffs,<br><br>        v.<br><br>JOHN CASEY CHRISTIAN, an Individual, and DOES 1-10, Inclusive,<br><br>        Defendants. | CASE NO.: CV12-6569 -GW (SH/X)<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>(1) **FEDERAL TRADEMARK INFRINGEMENT [15 *U.S.C.* § 1114/*Lanham Act* §43(a)];**<br>(2) **FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION/FALSE OR MISLEADING ADVERTISING [15 *U.S.C.* §1125(a)];**<br>(3) **TRADEMARK DILUTION [15 *U.S.C.* §1125(c)];**<br>(4) **UNFAIR BUSINESS PRACTICES [*CALIFORNIA*** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*BUSINESS & PROFESSIONS*
*CODE* §17200];
**(5) UNJUST ENRICHMENT;**
**(6) DECLARATORY RELIEF**

**[DEMAND FOR JURY TRIAL]**

COMES NOW, Plaintiff LUXOTTICA RETAIL NORTH AMERICA, INC., an Ohio Corporation, and Plaintiff LUXOTTICA GROUP, S.P.A., an Italian Joint Stock Company (collectively, hereinafter "Plaintiffs"), hereby allege as follows:

## PARTIES

1.     Plaintiff LUXOTTICA RETAIL NORTH AMERICA, INC. (hereinafter "LUXOTTICA RETAIL"), is now, and was at the time of the filing of this Complaint and at all intervening times, an Ohio Corporation, duly authorized and licensed to conduct business in the State of California.

2.     Plaintiff LUXOTTICA GROUP, S.P.A. (hereinafter "LUXOTTICA GROUP"), is now, and was at the time of the filing of this Complaint and at all intervening times, an Italian Joint Stock Company.

3.     On information and belief, Plaintiffs allege that JOHN CASEY CHRISTIAN (hereinafter "Defendant") is now, and was at the time of the filing of this Complaint, an individual residing at 2290 Water Way, Rockwall, Texas.

4.     Defendant conducts business in the jurisdiction of the United States District Court for the Central District of California by offering counterfeits goods for sale in Los Angeles, California, that infringe on the registered trademarks of Plaintiffs.

5.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiffs. Plaintiffs therefore sue said Defendants by such fictitious

names.   When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this pleading accordingly.

6.     Plaintiffs are informed and believe and thereon allege that at all times mentioned herein Defendant, and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

7.     Plaintiffs further allege that Defendant, and DOES 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with the named Defendant upon the causes of action hereinafter set forth (collectively, hereinafter "Defendants").

## JURISDICTION/VENUE

8.     This Court has subject matter jurisdiction over this matter pursuant to 28 *U.S.C.* §§1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin, unfair competition and dilution under the *Lanham Act* (15 *U.S.C.* §1051, *et seq.*), and this Court has supplemental jurisdiction pursuant to 28 *U.S.C.* §§1367(a) and 1338 (a)(b).

9.     LUXOTTICA RETAIL is an active corporation licensed with the California Secretary of State (CA Entity Number: C1815165), with a registered agent for service of process located in Irvine, California.

10.    LUXOTTICA GROUP's products are designed and manufactuered in Foothill Ranch, California and overseas.

11.    Plaintiffs have several warehouses and distribution centers in California.

12.    This Court has personal jurisdiction over Defendants since Defendants have committed tortious and illegal acts of trademark infringement and unfair competition in this district and/or Defendants have sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this

- 3 -
COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

1    Court does not offend traditional notions of fair play and substantial justice.
2    Among other things, Defendants have advertised, offered for sale, and sold
3    products to consumers within this judicial district that infringe on the trademarks
4    of Plaintiffs.  Defendants have also offered to sell and actually sold counterfeit
5    products (described more fully below) using an interactive Internet website
6    knowing or having reason to know that consumers throughout the United States,
7    including within this judicial district, would purchase said counterfeit goods from
8    Defendants with the belief that they were purchasing authentic goods
9    manufactured and distributed by Plaintiffs or its authorized manufacturers.

10        13.    Additionally, supplemental jurisdiction exists over Defendants
11   because, on information and belief, Defendants conduct business in California and
12   in this judicial district, and have purposefully directed action to California and this
13   district, or have otherwise availed themselves of the privileges and protections of
14   the laws of the State of California, such that this Court's assertion of jurisdiction
15   over Defendants does not offend traditional notions of fair play and due process.

16        14.    Venue is proper in this district, *inter alia*, pursuant to 28 *U.S.C.*
17   §1391(b) because, on information and belief, a substantial part of the events or
18   omissions giving rise to these claims occurred in this judicial district, and has
19   caused damages to Plaintiffs in this district. The counterfeit RAY-BAN® product
20   at issue was purchased from California, paid for with funds from a financial
21   institution in California, and Defendants purposefully shipped this counterfeit
22   product into California, and, specifically, within the Central District. Defendants'
23   actions within this district directly interfere with and damage Plaintiffs'
24   commercial efforts and endeavors and harms Plaintiffs' goodwill within this
25   Venue.  Moreover, Plaintiffs have a large sales force and operate a substantial part
26   of their business in California.

27   / / /
28   / / /

## GENERAL ALLEGATIONS

15.    LUXOTTICA GROUP is the world's largest eyewear company with approximately 7,100 retail stores in North America, Asia-Pacific, China, South Africa, Latin America and Europe. LUXOTTICA GROUP is a leader in premium, luxury and sports eyewear with a strong, well-balanced brand portfolio known around the world, including, amongst others, its famous RAY-BAN®-branded eyewear and eyewear products.  LUXOTTICA GROUP's RAY-BAN®-branded eyewear and eyewear products have achieved world-wide recognition and success since their introduction in 1938.

16.    LUXOTTICA GROUP is listed on the New York Stock Exchange ("NYSE") and on the Italian Telematic Stock Exchange ("MTA") and complies with the obligations issued by U.S. and Italian regulations for listed companies, in particular, with the provisions issued both by the U.S. Securities and Exchange Committee ("SEC") and the Italian Securities and Exchange Commission ("CONSOB").

17.    LUXOTTICA GROUP's brand portfolio is one of the richest and most prestigious in the eyewear industry. Its two leading house brands are RAY-BAN®, the world's best-selling brand of sun and prescription eyewear, and Oakley, an undisputed leader in the performance eyewear category with its principal place of business located in Foothill Ranch, California.  These brands, and others, give LUXOTTICA GROUP's portfolio unparalleled strength.  Several of LUXOTTICA GROUP's other brands include Persol®, Vogue®, K&L®, Oliver Peoples®, Arnette® and Revo®.  LUXOTTICA GROUP's Arnette and Revo sport brands are being re-launched and developed in Foothill Ranch, California.   Its licensee brands include, among others, Bvlgari®, Burberry®, Chanel®, Dolce & Gabbana®, Donna Karan® eyewear, Polo Ralph Lauren®, Paul Smith®, Prada®, Stella McCartney®, Tiffany & Co. ®, Tory Burch®, Versace®, andCoach®.  LUXOTTICA RETAIL, as a subsidiary of LUXOTTICA GROUP,

1  offers for sale, sells and distributes these various brands, including RAY-BAN®
2  and LUXOTTICA® throughout the United States of America.

3        18.    In the retail sun business, LUXOTTICA GROUP operates primarily
4  through the Sunglass Hut® brand.

5        19.    Direct wholesale operations are complemented by an extensive retail
6  network for prescription and sun glasses segments.  LUXOTTICA RETAIL is a
7  leader in the prescription business in North America with its LensCrafters® and
8  Pearle Vision® retail brands. LensCrafters is the largest optical chain in the United
9  States, with about 90 stores in California alone.  In addition, LUXOTTICA
10  RETAIL has many retail distribution accounts in California selling its products.

11        20.    LUXOTTICA RETAIL is one of the largest managed vision care
12  operators through EyeMed Vision Care, and the second biggest lens finisher,
13  having a network of five central laboratories and over 900 on-site labs at
14  LensCrafters stores.  LUXOTTICA RETAIL owns and operates a vision health
15  care service called Eyexam of California, Inc., a California corporation, which
16  consists of optometric offices in California employing its California optometrists.
17  Plaintiffs also own Oliver Peoples, Inc., a California corporation, and their only
18  United States based production plant is located in Foothill Ranch, California.
19  Plaintiffs Foothill Ranch, California production plant also serves as one of their
20  distribution centers.  Plaintiffs also have several warehouses located in the State of
21  California.

22        21.    Plaintiffs have spent substantial time, money and effort in developing
23  consumer recognition and awareness of its RAY-BAN® and LUXOTTICA®
24  marks.  Plaintiffs have spent an enormous amount of money on print and internet
25  advertising in order to inform consumers of the quality of Plaintiffs' products.
26  Through the extensive use of the Plaintiffs' marks, Plaintiffs have built up and
27  developed significant goodwill in the industry.  A wide array of newspapers,
28  magazines and television networks has include advertising of Plaintiffs' products,

1 | which are immediately identified by Plaintiffs marks.

2 | 22. Plaintiffs' also use the goodwill associated with its marks in an effort
3 | to bring awareness about people in need of vision care. For example, Plaintiffs own
4 | and operate, OneSight, a family of charitable vision care programs dedicated to
5 | improving vision through outreach, research and education. Since 1988, these
6 | programs have helped more than 7 million people restore and preserve clear vision.

7 | 23. Plaintiffs' are the exclusive owners of federally-registered and
8 | Common law trademarks. The following is a partial (non-exhaustive) list of
9 | federally-registered trademarks owned by Plaintiffs':

10 | A. LUXOTTICA: Registration date October 18, 1983 (Reg. No.
11 | 1,254,409), held by Plaintiff LUXOTTICA GROUP;

12 | B. LUXOTTICA: Registration date November 8, 1988 (Reg. No.
13 | 1,511,615), held by Plaintiff LUXOTTICA GROUP;

14 | C. LUXOTTICA:  Registration date May 8, 2012 (Reg. No.
15 | 4,137,447), held by Plaintiff LUXOTTICA GROUP;

16 | D. RAY-BAN:  Registration date August 20, 1957 (Reg. No.
17 | 650,499), held by Plaintiff LUXOTTICA GROUP;

18 | E. RAY-BAN:  Registration date January 3, 1978 (Reg. No.
19 | 1,080,886), held by Plaintiff LUXOTTICA GROUP;

20 | F. RAY-BAN:  Registration date June 20, 1978 (Reg. No.
21 | 1,093,658), held by Plaintiff LUXOTTICA GROUP;

22 | G. RAY-BAN:  Registration date February 19, 1985 (Reg. No.
23 | 1,320,460), held by Plaintiff LUXOTTICA GROUP;

24 | H. RAY-BAN:  Registration date October 27, 1992 (Reg. No.
25 | 1,726,955), held by Plaintiff LUXOTTICA GROUP; and

26 | I. RAY-BAN:  Registration date October 21, 2008 (Reg. No.
27 | 3,522,603), held by Plaintiff LUXOTTICA GROUP. True and correct copies of
28 | the certificates of registration for Plaintiffs' federally-registered marks referenced

1   herein (hereinafter "Plaintiffs' Marks") are attached hereto as **Exhibits A - I.**

2       24.    Particularly in light of the success of Plaintiffs' Marks, as well as the
3   outstanding reputation they have gained, Plaintiffs and their products have become
4   targets for unscrupulous individuals and entities who wish to take a "free ride" on
5   the goodwill, reputation and fame Plaintiffs have spent considerable effort and
6   resources to build up in their products and marks.

7       25.    Defendants use, amongst other things, the Internet auction website
8   known as www.eBay.com ("eBay"), under seller ID "myshadesdealer," to
9   regularly and systematically advertise, market, offer for sale, sell, and distribute
10   counterfeit products bearing Plaintiffs' Marks to consumers.  At any given time,
11   there are millions of items listed on the Internet auction website www.eBay.com
12   ("eBay") for bid or purchase by its more than one million registered users.  Buyers
13   have the option to purchase items in an auction-style format where users bid on
14   products or items can be purchased at a fixed price through a feature referred to as
15   "Buy It Now."  Using another eBay feature referred to as "Feedback," users who
16   have made a purchase on eBay are given the opportunity to post positive, neutral or
17   negative reviews in relation to their buying experience.  While feedback can give
18   some indication of sales volume, empirical evidence shows that actual sales far
19   exceed the number of feedback entries a seller receives.

20       26.    Beginning on a date that is currently unknown to Plaintiffs and
21   continuing to the present, Defendants have, without the consent of Plaintiffs,
22   offered to sell and sold within the United States (including within this judicial
23   district) goods that were neither made by Plaintiffs nor by a manufacturer
24   authorized by Plaintiffs (such goods are hereinafter referred to as "Counterfeit
25   Goods") using reproductions, counterfeits, copies and/or colorable imitations of
26   one or more of Plaintiffs' Marks. On information and belief, Plaintiffs further
27   allege that Defendants imported said Counterfeit Goods into the United States, or
28   encouraged others to import said Counterfeit Goods into the United States, for the

1 purpose of reselling the Counterfeit Goods in the United States.

2     27.   Through such business activities, Defendants purposely derived
3 benefit from their interstate commerce activities by expressly targeting foreseeable
4 purchasers in the State of California. But for Defendants advertising, soliciting and
5 selling, and distribution of counterfeit RAY-BAN® products in California,
6 Plaintiffs would not have been able to make a purchase of the subject product.

7     28.   On February 28, 2012, in its ongoing investigation of counterfeit sales
8 of RAY-BAN® products, from the State of California, Plaintiffs' purchased a
9 purported "Ray-Ban Predator PS1 W1816 Gloss Black Frames/ RX Lens Glasses
10 Sunglasses (Item # 320847906884)" from Defendants on eBay, for a cost of
11 $49.00 USD, which was paid via the PayPal electronic payment account of
12 Plaintiffs' investigator. A true and correct copy of the PayPal purchase receipt for
13 the item purchased is attached hereto as **Exhibit J**.

14     29.   The product purchased from Defendants was inspected by Plaintiffs in
15 Los Angeles, California to determine authenticity. Plaintiffs' inspection of the
16 purchased item confirmed that the item Defendants sold to Plaintiffs' investigator
17 was, in fact, a counterfeit RAY-BAN® product.

18     30.   Defendants intentionally and knowingly accepted Plaintiffs' money
19 from a financial institution located in the State of California.

20     31.   Defendants also intentionally and knowingly delivered the Counterfeit
21 Goods bearing Plaintiffs' Marks into the State of California.

22     32.   On information and belief, Defendants have sold no less than 957
23 Counterfeit Goods to consumers bearing Plaintiffs' Marks.

24     33.   Defendants willfully use images and names identical to Plaintiffs'
25 Marks to confuse consumers and aid in the promotion and sales of its unauthorized
26 and counterfeit product. Defendants willful use of Plaintiffs' Marks include
27 importing, advertising, displaying, distributing, selling and/or offering to sell
28 unauthorized copies of Plaintiffs' RAY-BAN® sunglasses. Defendants' use of

- 9 -
COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

Plaintiffs' Marks began long after Plaintiffs' adoption and use of its trademarks, and after Plaintiffs' obtained the trademark registrations alleged above. Neither Plaintiffs nor any authorized agents have consented to Defendants use of Plaintiffs' Marks.

34. Defendants use began long after Plaintiffs' adoption and use of its trademarks, and after Plaintiffs' obtained the trademark registrations alleged above.

35. Defendants actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the counterfeit RAY-BAN® sunglasses sold and distributed by Defendants. By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill. Furthermore, the sale and distribution of counterfeit goods by Defendants have infringed upon Plaintiffs' Marks.

36. Defendants offering for sale, selling, distributing, importing and encouraging others to import Counterfeit Goods in this manner was and is likely to cause confusion or mistake and/or to deceive consumers who purchase the Counterfeit Goods.

37. Defendants also offered for sale, sold, distributed, imported, and/or encouraged others to import for the purpose of resale within the United States, Counterfeit Goods consisting of reproductions and/or copies of products bearing Plaintiffs' Marks. Defendants' use of Plaintiffs' Marks was done without Plaintiffs' authorization or consent.

38. Plaintiffs have never authorized or consented to Defendants' use of Plaintiffs' Marks or other trademarks, or any confusingly similar marks, colorable imitations, or copied or derivative works by Defendants, including but not limited to the RAY-BAN® marks.

/ / /

/ / /

/ / /

## FIRST CAUSE OF ACTION

**(Trademark Infringement Against Defendant JOHN CASEY CHRISTIAN,**

**and DOES 1-10, Inclusive)**

**[15 *U.S.C.* §1114/*Lanham Act* §43(a)]**

39.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

40.     Defendants' actions as described herein constitute direct and/or contributory trademark infringement in violation of 15 *U.S.C.* §1114(1)(a).

41.     As a proximate result of Defendants' trademark infringement, Plaintiffs have been damaged in an amount to be proven at trial.  Further, Plaintiffs allege, on information and belief, that as a proximate result of Defendants' trademark infringement, Defendants have unlawfully profited in an amount to be proven at trial.

42.     At all relevant times, Defendants acted intentionally and/or willfully in using Plaintiffs' Marks on the Counterfeit Goods, knowing that Plaintiffs' Marks belonged to Plaintiffs, that the Counterfeit Goods were, in fact, counterfeit, and that Defendants were not authorized to use Plaintiffs' Marks on the Counterfeit Goods.  Plaintiffs are therefore entitled to recovery of treble damages pursuant to 15 *U.S.C.* §1117(a). Further, Defendants knowing, intentional and/or willful actions make this an exceptional case, entitling Plaintiffs to an award of reasonable attorney fees pursuant to 15 *U.S.C.* §1117(a).

43.     Defendants' actions also constitute the use by Defendants of one or more "counterfeit mark" as defined in 15 *U.S.C.* §1116(d)(1)(B). Plaintiffs therefore reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 *U.S.C.* §1117(c)(1) and/or (2).

///

44.     The acts of direct and/or contributory trademark infringement committed by Defendants have caused, and will continue to cause, Plaintiffs irreparable harm unless they are enjoined by this Court.

## SECOND CAUSE OF ACTION

**(False Designation of Origin, False or Misleading Advertising Against Defendant JOHN CASEY CHRISTIAN, and DOES 1-10, Inclusive)**

**[15 *U.S.C.* §1125(a)]**

45.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

46.     Defendants' actions as described herein constitute direct and/or contributory violation of 15 *U.S.C.* §1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs and/or as to the origin, sponsorship, and/or approval of such Counterfeit Goods by Plaintiffs.

47.     As a proximate result of Defendants' violation as described herein, Plaintiffs have been damaged in an amount to be proven at trial.  Further, Plaintiffs allege on information and belief that, as a proximate result of Defendants' direct and/or contributory trademark infringement, Defendants have unlawfully profited, in an amount to be proven at trial.

48.     Defendants' acts of violating, directly and/or contributorily, 15 *U.S.C.* §1125, have caused, and will continue to cause, Plaintiffs irreparable harm unless they are enjoined by this Court.

/ / /

/ / /

/ / /

## THIRD CAUSE OF ACTION

### (Dilution Against Defendant JOHN CASEY CHRISTIAN,

### and DOES 1-10, Inclusive)

### [15 *U.S.C.* §1125(c)]

49.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

50.     Plaintiffs' Marks are distinctive and famous within the meaning of the Lanham Act.

51.     Upon information and belief, Defendants' unlawful actions began long after Plaintiffs' Marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' Marks.  Defendants' conduct is willful, wanton and egregious.

52.     Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiffs' Marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products manufactured by Plaintiffs. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiffs' Marks, and are likely to impair the distinctiveness, strength and value of Plaintiffs' Marks, and injure the business reputation of Plaintiffs and Plaintiffs' Marks.

53.     Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm.  Plaintiffs have no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

54.     As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 *U.S.C.* §1125(c), Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 *U.S.C.* §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages,

1  reasonable attorney's fees, costs and prejudgment interest.

2  ## FOURTH CAUSE OF ACTION

3  ### (Unfair Competition Against JOHN CASEY CHRISTIAN,

4  ### and DOES 1-10, Inclusive)

5  ### [*California Bus. & Professional Code* §17200 *et seq.*]

6  55.   Plaintiffs hereby incorporate by reference each of the other allegations
7  set forth elsewhere in this Complaint as thought fully set forth in this cause of
8  action.

9  56.   Defendants' actions described herein constitute unlawful, unfair
10  and/or fraudulent business acts or practices. Defendants' actions thus constitute
11  "unfair competition" pursuant to *California Business & Professionals Code*
12  §17200.

13  57.   As a proximate result of Defendants' actions, Plaintiffs have suffered
14  an injury in fact, including without limitation, damages in an amount to be proven
15  at trial, loss of money or property, and diminution in the value of Plaintiffs' Marks.
16  Plaintiffs therefore have standing to assert this claim pursuant to *California*
17  *Business & Professions Code* §17204.

18  58.   Defendants' actions have caused, and will continue to cause Plaintiffs
19  to suffer irreparable harm unless enjoined by this Court pursuant to *California*
20  *Business & Professions Code* §17203. In addition, Plaintiffs request that the Court
21  order that Defendants disgorge all profits wrongfully obtained as a result of
22  Defendants' unfair competition, and order that Defendants pay restitution to
23  Plaintiffs in an amount to be proven at trial.

24  ## FIFTH CAUSE OF ACTION

25  ### (Unjust Enrichment Against Defendant JOHN CASEY CHRISTIAN,

26  ### and DOES 1-10, Inclusive)

27  59.   Plaintiffs hereby incorporate by reference each of the other allegations
28  set forth elsewhere in this Complaint as thought fully set forth in this cause of

1    action.

2        60.    By virtue of the egregious and illegal acts of Defendants as described

3    above, Defendants have been unjustly enriched in an amount to proven at trial.

4        61.    Defendants' retention of monies gained through its deceptive business

5    practices, infringement, acts of counterfeit and otherwise would serve to unjustly

6    enrich Defendants and would be contrary to the interests of justice.

7                        **REQUEST FOR RELIEF**

8        WHEREFORE, Plaintiffs LUXOTTICA RETAIL and LUXOTTICA

9    GROUP hereby respectfully request the following relief against Defendant JOHN

10   CASEY CHRISTIAN, and DOES 1-10, inclusive, and each of them as follows:

11       1. For an award of Defendants' profits and Plaintiffs' damages in an amount

12          to be proven at trial for trademark infringement under 15 *U.S.C.*

13          §1114(a);

14       2. For an award of Defendants' profits and Plaintiffs' damages in an amount

15          to be proven at trial for false designation of origin and unfair competition

16          under 15 *U.S.C.* §1125(a);

17       3. For an award of Defendants' profits and Plaintiffs' damages in an amount

18          to be proven at trial for trademark dilution under 15 *U.S.C.* §1125(c);

19       4. In the alternative to actual damages and Defendants' profits for the

20          infringement and counterfeiting of Plaintiffs' Marks pursuant to the

21          Lanham Act, for statutory damages pursuant to 15 *U.S.C.* §1117(c),

22          which election Plaintiffs will make prior to the rendering of final

23          judgment;

24       5. For restitution in an amount to be proven at trial for unfair, fraudulent

25          and illegal business practices under *Business and Professions Code*

26          §17200;

27       6. For an injunction by this Court prohibiting Defendants from engaging or

28          continuing to engage in the unlawful, unfair, or fraudulent business acts

or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

7. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay its ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

8. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs';

9. For damages in an amount to be proven at trial for unjust enrichment;

10. For an award of exemplary or punitive damages in an amount to be determined by the Court;

11. For Plaintiffs' reasonable attorney's fees;

12. For all costs of suit; and

13. For such other and further relief as the Court may deem just and equitable.

/ / /

/ / /

/ / /

1

**DEMAND FOR JURY TRIAL**

2      Plaintiffs LUXOTTICA RETAIL and LUXOTTICA GROUP, respectfully

3   demand a trial by jury in this action.

4

5   DATED: July 30, 2012                    JOHNSON & PHAM, LLP

6

7

8                                           By: _____

                                            Christopher D. Johnson, Esq.
9                                           Christopher Q. Pham, Esq.
                                            Marcus F. Chaney, Esq.
10                                          Negin Saberi, Esq.
11                                          Attorneys for Plaintiffs
                                            LUXOTTICA RETAIL NORTH
12                                          AMERICA, INC. and LUXOTTICA
13                                          GROUP, S.P.A.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

Int. Cl.: 9

Prior U.S. Cl.: 26

**Reg. No. 1,254,409**

## United States Patent and Trademark Office

Registered Oct. 18, 1983

**TRADEMARK**
**Principal Register**

# LUXOTTICA

Luxottica, S.p.A. (Italy corporation)
32021 Agordo
Belluno, Italy

For: EYEGLASSES, SUNGLASSES, TEM-
PLATES AND EYEGLASS FRAMES, in CLASS
9 (U.S. Cl. 26).

First use 1971; in commerce 1971.

Ser. No. 361,031, filed Apr. 22, 1982.

G. T. GLYNN, Examining Attorney

**Exhibit B**

Int. Cl.: 9

Prior U.S. Cl.: 26

## United States Patent and Trademark Office

Reg. No. 1,511,615
Registered Nov. 8, 1988

### TRADEMARK
### PRINCIPAL REGISTER

LUXOTTICA ☆☆

LUXOTTICA, S.P.A. (ITALY CORPORATION)
32021 AGORDO
BELLUNO, ITALY

FOR: EYEGLASSES, SUNGLASSES, TEM-
PLES AND EYEGLASS FRAMES, IN CLASS 9
(U.S. CL. 26).

FIRST USE 0–0–1975; IN COMMERCE
0–0–1975.
OWNER OF U.S. REG. NOS. 1,231,763 AND
1,254,409.

SER. NO. 712,067, FILED 2–19–1988.

RUSS HERMAN, EXAMINING ATTORNEY

# Exhibit C

# United States of America

## United States Patent and Trademark Office

# LUXOTTICA

**Reg. No. 4,137,447**

**Registered May 8, 2012**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

LUXOTTICA GROUP S.P.A. (ITALY JOINT STOCK COMPANY)
VIA CESARE CANTÙ, 2
I-20123 MILANO
ITALY

FOR: ADVERTISING; BUSINESS MANAGEMENT; BUSINESS ADMINISTRATION; OFFICE FUNCTIONS, RETAIL AND WHOLESALE STORE SERVICES, EXCEPT TRANSPORT, FEATURING SPECTACLES, LENSES FOR SPECTACLES, FRAMES FOR SPECTACLES, CASES AND HOLDERS FOR SPECTACLES, GOGGLES, EARSTEMS, SUPPORTS AND DISPLAYS FOR SPECTACLES, CHAINS FOR EYEGLASSES, CONTACT LENSES AND CONTACT LENSES CASES; AND ONLINE RETAIL AND WHOLESALE STORE SERVICES FEATURING SPECTACLES, LENSES FOR SPECTACLES, FRAMES FOR SPECTACLES, CASES AND HOLDERS FOR SPECTACLES, GOGGLES, EARSTEMS, SUPPORTS AND DISPLAYS FOR SPECTACLES, CHAINS FOR EYEGLASSES, CONTACT LENSES AND CONTACT LENSES CASES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

OWNER OF U.S. REG. NOS. 1,254,409, 1,511,615, AND 3,239,979.

PRIORITY DATE OF 12-1-2010 IS CLAIMED.

OWNER OF INTERNATIONAL REGISTRATION 1079199 DATED 3-4-2011, EXPIRES 3-4-2021.

THE MARK CONSISTS OF THE FANCY WORD "LUXOTTICA" REPRODUCED IN A STYLIZED CHARACTERS.

SER. NO. 79-098,052, FILED 3-4-2011.

GISELLE AGOSTO, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# Exhibit D

Int. Cl.: 9

Prior U.S. Cl.: 26

Reg. No. 650,499

**United States Patent and Trademark Office**

Registered Aug. 20, 1957

10 Year Renewal

Renewal Term Begins Aug. 20, 1997

## TRADEMARK
## PRINCIPAL REGISTER

*Ray·Ban*

BAUSCH & LOMB INCORPORATED
(NEW YORK CORPORATION)
ONE BAUSCH & LOMB PLACE
ROCHESTER, NY 14604, BY CHANGE OF
NAME FROM BAUSCH & LOMB OPTI-
CAL COMPANY (NEW YORK CORPO-
RATION) ROCHESTER, NY

OWNER OF U.S. REG. NOS. 361,875
AND 418,054.

FOR: SUN GLASSES, SHOOTING
GLASSES, AND OPHTHALMIC LENSES,
IN CLASS 26 (INT. CL. 9).

FIRST USE 4-0-1938; IN COMMERCE
4-0-1938.

SER. NO. 72-018,292, FILED 10-29-1956.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Sep. 9, 1997.*

**Exhibit E**

Int. Cl.: 9

Prior U.S. Cl.: 26

## United States Patent Office

Reg. No. 1,080,886
Registered Jan. 3, 1978

## TRADEMARK
### Principal Register

## RAY-BAN

Bausch & Lomb Incorporated (New York corporation)
1400 N. Goodman St.
Rochester, N.Y.   14602

For: OPHTHALMIC PRODUCTS AND ACCESSORIES — NAMELY, SUNGLASSES; SHOOTING GLASSES; EYEGLASSES; SPECTACLES; GOGGLES; LENSES AND FRAMES FOR SUNGLASSES, SHOOTING GLASSES, EYEGLASSES, SPECTACLES AND GOGGLES; AND CASES AND OTHER PROTECTIVE COVERS FOR SUNGLASSES, SHOOTING GLASSES, EYEGLASSES, SPECTACLES AND GOGGLES—in CLASS 9 (U.S. CL. 26).

First use on or about Apr. 6, 1937; in commerce on or about Apr. 6, 1937.

Owner of Reg. Nos. 361,875, 418,054 and 650,499.

Ser. No. 125,945, filed May 9, 1977.

G. DOUGLAS HOHEIN, Examiner

# Exhibit F

Int. Cl.: 9

Prior U.S. Cl.: 26

## United States Patent and Trademark Office

Reg. No. 1,093,658

Registered June 20, 1978

## TRADEMARK
### Principal Register

*Ray-Ban*

Bausch & Lomb Incorporated (New York corporation)
1400 N. Goodman St.
Rochester, N.Y. 14602

For: OPHTHALMIC PRODUCTS AND ACCESSO-RIES—NAMELY, SUNGLASSES; SHOOTING GLASSES; EYEGLASSES; SPECTACLES; GOGGLES; LENSES AND FRAMES FOR SUNGLASSES, SHOOT-ING GLASSES, EYEGLASSES, SPECTACLES AND GOGGLES; AND CASES AND OTHER PROTECTIVE COVERS FOR SUNGLASSES, SHOOTING GLASSES, EYEGLASSES, SPECTACLES AND GOGGLES—in CLASS 9 (U.S. CL. 26).

First use on or about Apr. 6, 1937; in commerce on or about Apr. 6, 1937.

Owner of Reg. Nos. 361,875, 418,054, and 650,499.

Ser. No. 125,695, filed May 9, 1977.

# Exhibit G

Int. Cl.: 9

Prior U.S. Cl.: 26

**United States Patent and Trademark Office**

Reg. No. 1,320,460
Registered Feb. 19, 1985

**TRADEMARK**
**Principal Register**



Bausch & Lomb Incorporated (New York corporation)
1400 N. Goodman St.
Rochester, N.Y. 14692

For: SUNGLASSES AND CARRYING CASES THEREFOR, in CLASS 9 (U.S. Cl. 26).

First use Jun. 1971; in commerce Jun. 1971.

Owner of U.S. Reg. Nos. 361,875, 418,054, 650,499, 1,080,886 and 1,093,658.

Ser. No. 468,836, filed Mar. 5, 1984.

JAMES H. JOHNSON, Examining Attorney

# Exhibit H

Int. Cls.: 5, 6, 8, 9, 11, 16, 18, 21, 25 and 28

Prior U.S. Cls.: 2, 3, 13, 18, 21, 22, 23, 25, 26,
    29, 37 and 39

**United States Patent and Trademark Office**

Reg. No. 1,726,955
Registered Oct. 27, 1992

## TRADEMARK
### PRINCIPAL REGISTER



BAUSCH & LOMB INCORPORATED (NEW
    YORK CORPORATION)
ONE LINCOLN FIRST SQUARE
ROCHESTER, NY 14604

FOR: MEDICATED LIP BALM, IN CLASS 5
(U.S. CL. 18).
    FIRST   USE   1-0-1991;   IN   COMMERCE
1-0-1991.
    FOR:  METAL KEY CHAINS, IN CLASS 6
(U.S. CLS. 13 AND 25).
    FIRST   USE   1-0-1991;   IN   COMMERCE
1-0-1991.
    FOR:   HAND   HELD   TOOLS;   NAMELY,
SCREWDRIVERS, IN CLASS 8 (U.S. CL. 23).
    FIRST   USE   1-0-1991;   IN   COMMERCE
1-0-1991.
    FOR: OPHTHALMIC PRODUCTS AND AC-
CESSORIES; NAMELY, CORDS FOR USE ON
SUNGLASSES, SHOOTING GLASSES, EYE-
GLASSES, SPECTACLES AND GOGGLES, IN
CLASS 9 (U.S. CL. 26).
    FIRST   USE   1-0-1991;   IN   COMMERCE
1-0-1991.
    FOR:  FLASHLIGHTS, IN CLASS 11 (U.S. CL.
21).
    FIRST   USE   1-0-1991;   IN   COMMERCE
1-0-1991.
    FOR:  COIN HOLDERS , IN CLASS 16 (U.S.
CL. 37).

    FIRST   USE   1-0-1991;   IN   COMMERCE
1-0-1991.
    FOR:  UMBRELLAS AND BAGS; NAMELY,
TOTE, DUFFLE AND ALL PURPOSE SPORTS
BAGS, IN CLASS 18 (U.S. CL. 3).
    FIRST   USE   1-0-1991;   IN   COMMERCE
1-0-1991.
    FOR: ALL PURPOSE PORTABLE HOUSE-
HOLD CONTAINERS AND FOR CLOTHS FOR
CLEANING   OPTHALMIC   PRODUCTS,   IN
CLASS 21 (U.S. CLS. 2 AND 29).
    FIRST   USE   1-0-1991;   IN   COMMERCE
1-0-1991.
    FOR:    CLOTHING    AND    HEADGEAR;
NAMELY,  HATS  AND  SWEATBANDS,  IN
CLASS 25 (U.S. CL. 39).
    FIRST   USE   1-0-1991;   IN   COMMERCE
1-0-1991.
    FOR: SPORTS BALLS, IN CLASS 28 (U.S. CL.
22).
    FIRST   USE   1-0-1991;   IN   COMMERCE
1-0-1991.
    OWNER OF U.S. REG. NOS. 361.875, 1,517,253
AND OTHERS.

    SER. NO. 74-173.643, FILED 6-6-1991.

LAURA SMITH, EXAMINING ATTORNEY

# Exhibit I

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

United States Patent and Trademark Office

Reg. No. 3,522,603
Registered Oct. 21, 2008

## TRADEMARK
## PRINCIPAL REGISTER



LUXOTTICA S.R.L. (ITALY LIMITED LIABILITY COMPANY)

VIA VALCOZZENA, 10

32021 AGORDO (BL), ITALY

FOR: SUNGLASSES, EYEGLASSES, LENSES FOR EYEGLASSES, EYEGLASSES FRAMES, CASES FOR EYEGLASSES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-27-1999; IN COMMERCE 6-27-1999.

PRIORITY CLAIMED UNDER SEC. 44(D) ON ITALY APPLICATION NO. BO2006C00012, FILED 1-31-2006.

OWNER OF U.S. REG. NOS. 361,875, 1,093,658, AND OTHERS.

THE COLOR(S) RED AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE WORDS "RAY-BAN" IN STYLIZED WHITE LETTERING ON A RED BACKGROUND RECTANGLE.

SN 78-843,120, FILED 3-22-2006.

NORA BUCHANAN WILL, EXAMINING ATTORNEY

# Exhibit J



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV12- 6569 GW (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

JOHNSON & PHAM, LLP
Christopher Q. Pham, SBN: 206697
E-mail: cpham@johnsonpham.com
6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, California 91367
Tel: (818) 888-7540  Fax: (818) 888-7544

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXOTTICA RETAIL NORTH AMERICA, INC., an Ohio Corporation, and LUXOTTICA GROUP, S.P.A., an Italian Joint Stock Company,<br><br>PLAINTIFF(S)<br><br>v.<br><br>JOHN CASEY CHRISTIAN, an Individual, and DOES 1-10, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12-6569-GW(SHx)**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>JOHN CASEY CHRISTIAN, an Individual</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Christopher Q. Pham, Esq.</u>, whose address is <u>6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, California 91367</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUL 3 1 2012__

By: _____ **MARILYN DAVIS**
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                  SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| LUXOTTICA RETAIL NORTH AMERICA, INC., an Ohio Corporation, and LUXOTTICA GROUP, S.P.A., an Italian Joint Stock Company, | JOHN CASEY CHRISTIAN, an Individual, and DOES 1-10, Inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| JOHNSON & PHAM, LLP<br>6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367<br>Tel.: (818) 888-7540  Fax: (818) 888-7544 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No        ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Trademark Infringement (15 U.S.C. section 1114 / Lanham Act section 32(a))

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product | ☐ 371 Truth in Lending | Vacate Sentence | Act |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | Liability | ☐ 380 Other Personal | Habeas Corpus | ☐ 720 Labor/Mgmt. |
| ☐ 450 Commerce/ICC | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Property Damage | ☐ 530 General | Relations |
| Rates/etc. | ☐ 150 Recovery of | Slander | ☐ 385 Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. |
| ☐ 460 Deportation | Overpayment & | ☐ 330 Fed. Employers' | Product Liability | ☐ 540 Mandamus/ | Reporting & |
| ☐ 470 Racketeer Influenced | Enforcement of | Liability | BANKRUPTCY | Other | Disclosure Act |
| and Corrupt | Judgment | ☐ 340 Marine | ☐ 422 Appeal 28 USC | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product | 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted | Liability | ☐ 423 Withdrawal 28 | FORFEITURE / | Litigation |
| ☐ 490 Cable/Sat TV | Student Loan (Excl. | ☐ 350 Motor Vehicle | USC 157 | PENALTY | ☐ 791 Empl. Ret. Inc. |
| ☐ 810 Selective Service | Veterans) | ☐ 355 Motor Vehicle | CIVIL RIGHTS | ☐ 610 Agriculture | Security Act |
| ☐ 850 Securities/Commodities/ | ☐ 153 Recovery of | Product Liability | ☐ 441 Voting | ☐ 620 Other Food & | PROPERTY RIGHTS |
| Exchange | Overpayment of | ☐ 360 Other Personal | ☐ 442 Employment | Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 | Veteran's Benefits | Injury | ☐ 443 Housing/Acco- | ☐ 625 Drug Related | ☐ 830 Patent |
| USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- | mmodations | Seizure of | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | Med Malpractice | ☐ 444 Welfare | Property 21 USC | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product | ☐ 365 Personal Injury- | ☐ 445 American with | 881 | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization | Liability | Product Liability | Disabilities - | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal | Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW |
| ☐ 893 Environmental Matters | REAL PROPERTY | Injury Product | ☐ 446 American with | ☐ 650 Airline Regs | (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | Liability | Disabilities - | ☐ 660 Occupational | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | Other | Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization | ☐ 440 Other Civil | ☐ 690 Other | FEDERAL TAX SUITS |
| nation Under Equal | ☐ 240 Torts to Land | Application | Rights | | ☐ 870 Taxes (U.S. Plaintiff |
| Access to Justice | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- | | | or Defendant) |
| ☐ 950 Constitutionality of | ☐ 290 All Other Real Property | Alien Detainee | | | ☐ 871 IRS-Third Party 26 |
| State Statutes | | ☐ 465 Other Immigration | | | USC 7609 |
| | | Actions | | | |

FOR OFFICE USE ONLY:    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ohio, Italy | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 7/30/2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |